UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ADAM POIRRIER, III** | **CIVIL ACTION NO. 07-1806** |
| **VS.** | **SECTION P** |
| **ROBERTA BOUDREAUX, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

## *REPORT AND RECOMMENDATION*

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on October 23, 2007 by *pro se* plaintiff Adam Poirrier, III. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana, however, he complains of conditions he was exposed to during his incarceration at the Iberia Parish Jail, New Iberia, Louisiana in June, 2007. Plaintiff sues Iberia Parish Jail Warden Roberta Boudreaux and an entity identified as Mid South Catering. He asks for compensatory damages and Warden Boudreaux's "removal from office." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

Plaintiff, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, was serving time in the Iberia Parish Jail. He was apparently employed in the facility's kitchen. He alleges that on June 18, 2007, he "... was forced to use chemicals without

proper protection and these chemicals ... caused a permanent infection within my nose area." Further, on some unspecified dates he was "...forced to use a mixer machine which clearly had no protective guards..." As a result, he sustained some unspecified injury to his right thumb. According to petitioner, when he complained of these conditions, he was advised by defendant Boudreaux "... to use what was given or lose my job..." According to plaintiff, Warden Boudreaux "... treated [these incidents] very unprofessionally..."

## *Law and Analysis*

### *1. Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court evaluates the complaint and may dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

3

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff argues specific legal theories and recites facts in support of his claim for relief. Plaintiff has apparently pleaded his best case and need not be afforded an opportunity for further amendment.

## 2. Plaintiff's Claims for Relief

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of <u>a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (emphasis supplied).

Plaintiff claims two injuries – First, he claims that on June 18, 2007 he "... was forced to

use chemicals without proper protection and these chemicals ... caused a permanent infection within my nose area... "; next, he maintains that on some unspecified dates he was "...forced to use a mixer machine which clearly had no protective guards..." and, as a result, he sustained some unspecified injury to his right thumb. He also sues two defendants, Warden Boudreaux, and the entity identified as Mid South Catering. While plaintiff has alleged fault on the part of Ms. Boudreaux, he has alleged no fault on the part of Mid South Catering.

With regard to the specific constitutional violations at issue, the complaint arguably implicates the Eighth Amendment. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). See *Sampson v. King*, 693 F.2d 566, 569 (5th Cir.1982) ("In general, the state has a responsibility to protect the safety of its prisoners."). A prison official violates this duty when by act or omission he is <u>deliberately indifferent</u> to prison conditions which pose a <u>substantial risk of serious harm</u>. *Id.* at 834 (emphasis supplied).

"To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). See *Farmer v. Brennan*, 511 U.S. at 837 (holding that the subjective test for deliberate indifference requires that the official both know of and disregard an excessive risk of harm). The

5

legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The Supreme Court has explained that "[w]anton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure." *Smith v. Wade*, 461 U.S. 30, 39-40 n. 8, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (quoting 30 American and English Encyclopedia of Law 2-4 (2d ed.1905) (footnotes omitted)).

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence ..." *Farmer v. Brennan*, 511 U.S. at 842. "[T]he 'failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not' is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (quoting *Farmer v. Brennan*, 511 U.S. at 838) (emphasis supplied).

Plaintiff has not alleged that anyone, including Warden Boudreaux, acted with "deliberate indifference" to a substantial risk of harm. While he does allege that Boudreaux was aware of the risks, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County. TX*, 245 F.3d at 459. See *Whitley v. Albers*, 475 U.S. at 319 (holding that a violation of the Eighth

6

Amendment must involve "more than an ordinary lack of due care for the prisoner's ... safety"); see also, *Bradley v. Puckett*, 157 F.3d at 1025 (stating that it is "obduracy and wantonness, not inadvertence or error in good faith" which characterizes conduct prohibited by the Eighth Amendment). While plaintiff has alleged that he was "forced" to use chemicals and a food mixer without adequate safe guards, he also admits that he was given the option "... to use what was given or lose [his] job..." In other words, plaintiff himself could have avoided the conditions complained of simply by resigning his position, an option offered to him by the defendant.

Finally, plaintiff's chief complaint is that Warden Boudreaux "... treated [these incidents] very unprofessionally..." Plaintiff simply has not alleged facts demonstrating deliberate indifference on the part of the defendants. At best, he raises a claim of negligence and negligence is not a theory for affixing liability under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Benavides v. Santos*, 883 F.2d 385, 387 (5th Cir.1989). Plaintiff's claims thus lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915(d)(2)(b)(i) and (ii) and 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

7

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on December 5, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)